UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **KING BRANDON MOORE BEY,**<br>    Plaintiff,<br><br>v.<br><br>**AMERICAN EXPRESS<br>NATIONAL BANK,**<br>    Defendant. | **Case No. 5:24-cv-927-CLM** |

## MEMORANDUM OPINION

Pro se plaintiff King Brandon Moore Bey sues American Express National Bank. (Doc. 5). In response, American Express asks the court to dismiss Moore Bey's complaint. (Doc. 9). For the reasons explained below, the court **GRANTS IN PART AND DENIES IN PART** American Express' request.

## BACKGROUND

Because American Express filed a Rule 12 motion, the court takes these facts from the Moore Bey's amended complaint and assumes they are true:

Moore Bey opened an American Express credit account with a $7,000 limit. After repeatedly failing to pay his credit card bill, Moore Bey's credit debt started accruing interest. At the time Moore Bey filed this lawsuit, he owed American Express $210,000. Moore Bey alleges he attempted to make payments on his debt (using "U.S. dollars"), but American Express refused to accept the proffered payments, citing invalid currency as its reasoning.

Moore Bey now sues American Express and advances three theories of liability:

Count I: American Express breached the parties' credit agreement by refusing to accept Moore Bey's proffered payment.

Count II: American Express violated the Equal Credit Opportunity Act by discriminating against Moore Bey based on his age. Though Moore Bey wasn't a minor at the time of contracting, he alleges American Express acted as if he lacked legal capacity.

Count III: American Express practiced unfair trade and debt collection practices in violation of both the Consumer Financial Protection Act and the Fair Debt Collections Practices Act.

American Express asks the court to dismiss all counts under Rule 12(b)(6).

## STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

## ANALYSIS

Moore Bey brings three claims against American Express: (1) breach of contract, (2) ECOA violation, and (3) unfair trade and debt collection practices. The court addresses each claim below.

**Count I: Breach of Contract**

Moore Bey claims American Express breached the "terms of the credit agreement" by refusing to accept his attempted debt payment. (Doc. 5, p. 6). The court disagrees.

To establish breach, Moore Bey must show "(1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Ex parte Coleman*, 861 So.2d 1080 (Ala. 2003) (internal citations omitted). Moore Bey plausibly alleges the existence of a valid contract by submitting the Cardmember Agreement with his Amended Complaint. (Doc. 15). But, as American Express notes, Moore Bey cites no contractual provision he claims American Express breached. Put differently, Moore Bey fails to allege how American Express failed to perform its obligations under the Cardmember Agreement.

Because Moore Bey insufficiently pleaded breach, the court must **DISMISS** Count I. Moore Bey could possibly plead non-performance if given a chance to replead, so the dismissal will be without prejudice.

**Count II: Equal Credit Opportunity Act**

Moore Bey next alleges that American Express violated the ECOA by discriminating against him based on his age (Doc. 5, p. 6). Under the ECOA,

> "It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction [] on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract) . . . ."

15 U.S.C. § 1691(a). In support of his ECOA claim, Moore Bey contends that

> - "Defendant's representatives treated Plaintiff as though Plaintiff was a minor or lacked legal capacity to contract. This occurred despite Plaintiff being 18 years or older . . ." (Doc. 9, p. 4).
> - "Defendant's action treated Plaintiff as if they were incapable of managing a contract . . . on the basis of age . . ." (*Id.*).
> - "Specifically, Defendant's representatives implied that Plaintiff, due to perceived youth or immaturity was not authorized to accept the interest on the Principal . . . This treatment was discriminatory, as Plaintiff was [] an adult. . ." (*Id.*, p. 5).
> - "Defendant's refusal to recognize Plaintiff's authority as attorney-in-fact and its denial of Plaintiff's ability to make decisions on behalf of the principle based on age, including treating an adult as a minor and treating someone as incapable of contracting due to age." (*Id.*, p. 8–9).

Moore Bey fails to plead facts sufficient to allege age discrimination. Moore Bey admits that he is older than 18 and had the capacity to contract and fails to explain how his age (*i.e.*, over 18) played a role in American Express' refusal to recognize his decision-making authority. As best the court can tell, Moore Bey's claim is that American Express treated Moore Bey as too immature to represent himself, which is not a claim that can prove age played a role in American Express's decision.

Because Moore Bey fails to sufficiently allege that American Express discriminated against him because he was more than 18 years old, the court **DISMISSES** Count II. Because re-pleading this claim will not change Moore Bey's age, rendering any amendment futile, the court will dismiss Count II with prejudice.

4

**Count III: Unfair Trade and Debt Collection Practices**

Moore Bey lastly alleges that American Express violated two statutes when it failed to accept his payment. The court **GRANTS IN PART AND DENIES IN PART** American Express's motion to dismiss these claims.

### 1. Consumer Financial Protection Act (CFPA)

Moore Bey first claims that American Express violated the CFPA by "failing to honor payments and misrepresenting Plaintiff's authority to act on behalf of the Principal." (Doc. 5, p. 8). The CFPA defines unfairness as an "act or practice [that] causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers." 12 U.S.C. § 5531(c)(1)(A).

At this stage in litigation, the court must accept as true Moore Bey's factual recitations. According to Moore Bey, American Express rejected proffered debt payments made with legitimate U.S. currency. (Doc. 5, p.3). If true, American Express' actions made substantial and unavoidable injury (*i.e.*, a massive accrual of interest) to Moore Bey likely. Though American Express may disprove this theory in discovery, at the motion to dismiss stage, Moore Bey sufficiently states a CFPA violation. So the court **DENIES** American Express's motion related to the CFPA.

### 2. Fair Debt Collection Practices Act (FDCPA)

Moore Bey also alleges that "Defendant's refusal to accept payments constitutes unfair debt collection practices, as defined under 15 U.S.C. § 1692 [the FDCPA] . . ." (*Id.*, p. 8).[1] For the reasons American Express articulates, Moore Beys' FDCPA claim fails. (Doc. 9, p. 15).

---

[1] Moore Bey indicates that his complaint "mistakenly referenced the Fair Debt Collection Practices Act {FDCPA} instead of the Fair Credit Reporting Act {FCRA}." (Doc. 11, p. 15). Because Moore Bey's amended complaint contains a claim under the FDCPA, the court must evaluate it. Moore Bey may add a FCRA claim in his second amended complaint.

The FDCPA contains the following definitions:

> ***Creditor***: "Any person who offers or extends credit creating a debt or to whom a debt is owed."
>
> ***Debt Collector***: "Any person who uses any instrumentality of interstate commerce [] the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

15 U.S.C. §1692(a)(5)–(6). Because American Express was collecting *its own* debt from Moore Bey, it qualifies as a creditor, not a debt collector. *Id.* Creditors aren't subject to the FDCPA. *See Davidson v. Cap. One Bank (USA), N.A.*, 797 F.3d 1309 1213 (11th Cir. 2015); *Pinson v. JP Morgan Chase Bank, Nat. Ass'n*, 646 Fed.Appx. 812, 814 (11th Cir. 2016). So the court must **GRANT** American Express's motion on Moore Bey's FDCPA theory. Because Moore Bey cannot correct this error by re-pleading, the dismiss will be with prejudice.

## CONCLUSION

In sum, Moore Bey may proceed on Count III but only as it relates to the CFPA. The court dismisses Count I without prejudice; dismisses Count II with prejudice; and dismisses Count III (FDCPA) with prejudice. Moore Bey may amend his complaint *once* to address his pleading deficiency on Count I by May 23, 2025. If Moore Bey either fails to correct this pleading error, or fails to timely amend his complaint, this case will proceed solely on Count III, limited to the CFPA claim.

**Done** and **Ordered** on April 28, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE